# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1371

_____

| | | |
|---|---|---|
| Terry Denner, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Deere & Company, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: September 16, 2005
Filed: September 21, 2005

_____

Before BYE, HEANEY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Terry Denner (Denner) appeals the district court's[1] granting of summary judgment in favor of the defendant, Deere & Company (Deere), arguing the court erred in its determination Denner failed to establish a clear and definite promise necessary to establish promissory estoppel under Iowa law. See Schoff v. Combined Ins. Co. of Am., 604 N.W.2d 43, 49 (Iowa 1999).

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

Denner asserts Deere, through its employee, Craig Wickham (Wickham), promised that the prior criminal case against him which had since been closed would not preclude him from being hired at Deere. Denner relied upon this statement to quit his former job to his detriment. Denner, however, has provided no evidence Wickham knew or understood Denner's criminal history involved Deere and/or Deere equipment.

Upon review of the record, this Court is in accord with the district court that Schoff controls the case. As in Schoff, Denner has produced no evidence he disclosed the facts underlying his criminal history, despite the fact the criminal case related to the theft of Deere equipment. See id. at 51-52 ("[T]he parties did not have the same knowledge with respect to the nature and extent of Schoff's criminal record. This ambiguity is crucial because Schoff was not fired because of his criminal record in general; he was fired because he could not get bonded. . . . ; [] he was not bonded because he had been charged with felonies and/or had not revealed his criminal record on his bond application."). As in Schoff, Denner was fired not because of his criminal record in general, but because he "was the young man that [Deere] pressed charges against several years ago." (Pl.'s App. at 216.) The Court finds Denner's attempts to distinguish Schoff unavailing, since Schoff directly speaks to an employee's failure to disclose information necessary to give a promise clear and definite meaning.

We agree with the district court any promise Deere may have made to hire and/or not fire Denner because of the fact of his criminal record does not clearly and definitely encompass the facts underlying the criminal record, since that information was not proven by Denner to be known by Wickham prior to making the alleged promises.

We therefore affirm the district court.

_____